UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

| | |
|---|---|
| TRISHA LOCKWOOD, | Civil Action No. |
| PLAINTIFF, | |
| V. | _____ |
| DUNKIRK CITY SCHOOL DISTRICT, | Jury Trial Demanded |
| DEFENDANT. | |

COMPLAINT

Plaintiff, Trisha Lockwood, alleges as follows:

THE PARTIES

1.      The Plaintiff, Trisha Lockwood, is a natural person, over forty (40) years of age, and is a female, with a place of residence in Chautauqua County, New York.

2.      The Defendant, Dunkirk City School District, is a government agency with its principal offices at 620 Marauder Drive, Dunkirk, New York 14048.

JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343.

4.      Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, and facility at which the Plaintiff worked for the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff, has exhausted all administrative remedies prerequisite to bringing this claim as follows:

6.      On September 29, 2020, the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights (NYSDHR) alleging unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of Sex, Age and Opposed Discrimination/Retaliation. The matter was assigned NYSDHR Case Number 10209549.

7.      The matter was cross filed with the United States Equal Employment Opportunity Commission (EEOC) and given Federal Charge Number 16GC100069.

8.      On March 31, 2021, the New York State Division of Human Rights issued a Determination and Order After Investigation which found No Probable Cause and the matter was dismissed and the NYSDHR file was closed.

9.      The Plaintiff timely requested EEOC review of the NYSDHR findings. The EEOC issued a Dismissal and Notice of Rights on May 24, 2021, which date results in a final date to file a claim in federal court of August 22, 2021.

## TIMELINESS

10.      When filing with a state agency the Plaintiff has three hundred (300) days to bring a claim when using a state agency 42 U.S.C. 2000e.

11.      The Plaintiff's DHR Complaint filed on alleging the most recent discriminatory act occurred on June 30, 2020.  This gives a latest date to file a claim with the Division of Human Rights of April 26, 2021.

## FACTUAL BACKGROUND

**General Background**

1.      Plaintiff is female with a date of birth of May 3, 1977.

2.      Plaintiff was employed by Defendant, Dunkirk City School District, School #3.

3.      Plaintiff was hired in August 2019 as a fourth-grade teacher.

4.      Plaintiff is a single mother, Plaintiff would occasionally have to take time off for her children.

5.      Prior to being at Dunkirk City School District, in 2018-2019, Plaintiff taught third grade at Fletcher Elementary School in Jamestown. Plaintiff was also an Adjunct Professor at Jamestown Community College, teaching reading, which Plaintiff has done since 2007.

6.      Plaintiff holds certifications in grade 1-6 and social studies 7-12.

7.      Plaintiff was assigned a mentor from the beginning of the school year at Dunkirk City School District, a first-grade teacher, Mr. Robert Desmond. During his mentorship, Mr. Desmond was very supportive of me.

8.      Mr. Desmond shared with Plaintiff that other staff members have had problems with Ms. Kalene Szary overstepping her boundaries.

9.      Plaintiff initially taught twenty-three (23) students in Plaintiff's classroom in the Fall of 2019. One student was removed because of an incident with another student outside of school.  Plaintiff had several educational support-staff teaching in her classroom daily with her.

10.      On October 1, 2019, Plaintiff sent an email to School Principal Dan Genovese asking to schedule a meeting to discuss her concerns about the actions of Ms. Pam Pleszewski and Ms. Szary.

11.      Neither Ms. Pleszewski nor Ms. Szary had supervisory authority over Plaintiff.

12.     Ms. Pleszewski and Ms. Szary both wanted to be involved in lesson planning for the class, and Plaintiff asked her union representative, Brain Crawford, for his input. He said that Ms. Pleszewski and Ms. Szary were teaching independently from Plaintiff and that they did not need to be involved in other aspects of classroom instruction.

13.     Ms. Pleszewski and Ms. Szary continued to undermine Plaintiff's teaching.

14.     Ms. Pleszewski and Ms. Szary blind copied all communications they had with Plaintiff to Principal Genovese without her knowledge.

15.     On December 20, 2019, Plaintiff complained that Ms. Pleszewski verbally berated her in front of her class by saying, "I'm done working with you. You are difficult to work with and don't communicate. You should have been doing other things with the kids."  Ms. Hodgkin and second grade teacher Will Barnes witnessed this outburst.

16.     On January 7, 2020, Mr. Genovese, Mr. Desmond, Plaintiff's union representative Brian Crawford and the Plaintiff met to evaluate a letter that was sent to Mr. Genovese by a parent of one of Plaintiff's students.  The parent in question was a close friend of Ms. Pleszewski.  The letter stated that the student's mother said that the student was getting migraine headaches because the Plaintiff screamed all day, that the Plaintiff told the students to shut up, and to not tell their parents what happened in class. Mr. Desmond added that the parent's complaint was a joke because of the parent's friendship with Ms. Pleszewski.  This caused Plaintiff to complain that a hostile work environment had been created, and that Mr. Genovese allowed it to continue.

17.     On February 5, 2020, Mr. Genovese contacted Plaintiff and asked her to send down two (2) students who had asked to see him. A third student told Plaintiff that Ms. Pleszewski wanted all three (3) students to tell Mr. Genovese that Plaintiff was not teaching math

very well and that they did not understand it.  Upon information and belief, the third student did not feel comfortable going to the principal's office to talk about it.  No disciplinary charges were brought against Ms. Pleszewski.

18.     On February 20, 2020, Ms. Pleszewski was observed talking to the father of a student in the parking lot during morning arrival.  Ms. Pleszewski allegedly told the father that the Plaintiff was not doing her job and that the parent should go to the principal to complain. The student's mother shortly thereafter sent Plaintiff a message on the "Remind App" and asked what was going on and why Ms. Pleszewski talked to her husband in the parking lot saying that Plaintiff would not help with her daughter's math.  The Plaintiff met with the father, and he apologized to the Plaintiff as he realized he had been brought into this by Ms. Pleszewski. The father and Plaintiff left the meeting on good terms.

19.     Principal Genovese created a hostile work environment for Plaintiff by allowing Ms. Pleszewski to undermine and interfere with my teaching and relationships with students and parents. Principal Genovese participated in the hostile environment himself. Principal Genovese violated the District's own policies on harassment.

20.     As noted Plaintiff is a single mother, Plaintiff would occasionally have to take time off for her children.  Plaintiff would also sometimes have to leave on specific days immediately after work (making her unavailable to meet with Ms. Pleszewski and Ms. Szary after 3:00 PM) and Plaintiff took her daughter to school in the mornings, which made it difficult for Plaintiff to come in early.  This was a source of contention with Ms. Pleszewski and Ms. Szary and added to the hostile work environment.

21.     Nancy Ringler, the academic intervention specialist who has been with the District for 34 years, stated to the investigator that she believed that Ms. Pleszewski was trying to

get the Plaintiff into trouble. She stated that Plaintiff's first year of teaching in the District has been in a toxic environment. Ms. Ringler observed Plaintiff crying 4-5 times in school due to the hostile environment. Ms. Ringler took her concerns to Principal Genovese, along with teacher Anna Fred, and asked the principal to talk to Ms. Pleszewski to have her stop treating Plaintiff poorly. Principal Genovese responded, "How long have you known her—30 years? You have never come to me."

22.     Mr. Robert Desmond is a first-grade teacher at School #3 with the District and has worked there for 16 years. Mr. Desmond had been assigned to be Plaintiff's mentor for the first year of her teaching in the District. Mr. Desmond stated that Principal Genovese is a longtime supporter of Ms. Pleszewski, and that Plaintiff needed help. Mr. Desmond arranged a meeting with Assistant Superintendent Theresa Gray because of the harassment. Mr. Desmond stated that Principal Genovese has observed Ms. Pleszewski exert power and harass other staff for 15 years.

23.     The District investigated Plaintiff's complaints of sex discrimination, harassment, bullying and the creation of a hostile work environment, which were founded by labor relations specialist, Kurt D. Gustafson.

24.     Plaintiff was wrongfully terminated as a probationary teacher on June 30, 2020.

25.     Upon information and belief, Monica Young replaced Plaintiff, who is 28 years old.

26.     On June 10, 2020, the Dunkirk Board of Education approved a District wide position for a Behavior Specialist, a newly posted position.

27.     On June 10, 2020, Dan Genovese was appointed to the position of Director of Student Development and was no longer a principal. While it was officially announced on

August 11, 2020, that he was taking that position, it is clear he was appointed prior to that because the open position of Principal was posted in early July.

28.    I believe I have been discriminated against on the basis of my age, sex, and familial status, and was retaliated against via my wrongful termination for complaining about a hostile work environment which was found to have existed.

**FIRST CAUSE OF ACTION:**
**Unlawful Discrimination Based On Age In Violation of the Age Discrimination in Employment Act (ADEA).  29 U.S.C. 621 *et. seq.***

29.    Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

30.    Defendant's actions were willful and not done in good faith.

31.    As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

32.    Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**SECOND FIRST CAUSE OF ACTION:**
**Unlawful Discrimination Based On Sex**
**In Violation of Title VII, 42 U.S.C 2000e et. seq.**

33.    Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

34.    Defendant's actions were willful and not done in good faith.

35.    As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

36.    Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION:**
**Unlawful Discrimination Based On Disability In Violation of the Americans With Disabilities Act. 42 U.S.C. 12101 et. seq.**

37.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

38.     Defendant's actions were willful and not done in good faith.

39.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

40.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION:**
**Retaliation In Violation of the Americans With Disabilities Act. 42 U.S.C. 12101 et. seq.**

41.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

42.     Defendant's actions were willful and not done in good faith.

43.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

44.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION:**
**Retaliation In Violation of Title VII, 42 U.S.C 2000e et. seq.**

45.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

46.     Defendant's actions were willful and not done in good faith.

47.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

48.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION:
### Unlawful Discrimination in Violation of the of the Family Medical Leave Act.

49.     To establish an interference claim pursuant to *29 U.S.C. § 2615(a)(1)*, a plaintiff need only prove that an "employer in some manner impeded the employee's exercise of his or her right[s]" protected by the FMLA. *Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 176 (2d Cir. 2006)*; *Reilly, 620 F. Supp. 2d at 535*. To establish *a prima facie* claim of interference with **[\*506]** rights under the FMLA, a plaintiff must establish, by a preponderance of the evidence, that: "(1) she is an eligible employee under the FMLA; (2) defendants constitute an employer under the FMLA; (3) she was entitled to leave under the FMLA; (4) that she gave notice to defendants of her intention to take leave; and (5) defendants denied her benefits to which she was entitled by the FMLA." *Esser v. Rainbow Advert. Sales Corp., 448 F. Supp. 2d 574, 580 (S.D.N.Y. 2006)*; *see also Reilly, 620 F. Supp. 2d at 535*.

50.     The Plaintiff specifically requested leave and time off in order to attend to her children.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

A.     A judgment that the defendant violated the Plaintiff's rights under the 42 U.S.C. 2000e et. seq.;

B.     A judgment that the defendant violated the Plaintiff's rights under the Age Discrimination in Employment Act;

C.      A judgment that the defendant violated the Plaintiff's rights under the Family Medical Leave Act;

D.      A judgment that the Defendant engaged in retaliation against the Plaintiff for her having made complaints of discrimination to her employer in violation of the Plaintiff's rights under the 42 U.S.C. 2000e et. seq.;

E.      Awarding the Plaintiff compensation for lost wages in an amount to be determined at trial and;

F.      Awarding the Plaintiff damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in the amount of $300,000.00;

G.      Awarding the Plaintiff punitive damages in that the Defendant was fully aware of the hostile and discriminatory actions of Plaintiff's supervisor but terminated her from her employer for making a complaint of discrimination;

H.      Defendant to pay all medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination he suffered and the failure to accommodate his disabilities, including any and all diagnostic analysis, treatment and therapy, and follow up therapy;

I.      Defendant to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees;

J.      Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly trial by jury in this action.

Dated:          August 17, 2021

Respectfully Submitted,
Plaintiff
By Her Attorneys


  **/s/ Lindy Korn**                          **/s/ Charles L. Miller, II**
LINDY KORN, ESQ.                    CHARLES L. MILLER, II, ESQ.
Attorney for Plaintiff                     Attorney for Plaintiff
Law Office of Lindy Korn, PLLC     Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor            Electric Tower, Ninth Floor
535 Washington Street                  535 Washington Street
Buffalo, New York 14203             Buffalo, New York 14203
716-856-5676                             716-856-5676
716-507-8475 (facsimile)             716-507-8475 (facsimile)
E-Mail: lkorn@lkorn-law.com       E-mail: cmiller@lkorn-law.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
**Buffalo Division**

---

TRISHA LOCKWOOD,

                         **PLAINTIFF,**　　　　**VERIFICATION**

          **V.**

DUNKIRK CITY SCHOOL DISTRICT,
                         **DEFENDANT.**

---

Plaintiff, Trisha Lockwood, under penalty of perjury, deposes and says:

I have read the attached Complaint captioned in this matter and find it to be true to her personal knowledge, except as to matters alleged upon information and belief, which I believe to be true.

**Trisha Lockwood**

Sworn before me on this 17th day of August , 2021

Notary Public

KIM I. WILLEBRANDT
Notary Public, State of New York
No. 01WI6168067
Qualified in Chautauqua County
My Commission Expires June 4, 2023

12