UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRISHA LOCKWOOD,

           Plaintiff,

      v.

DUNKIRK CITY SCHOOL DISTRICT,

           Defendant.

_____

21-CV-941-LJV
DECISION & ORDER

On August 18, 2021, the plaintiff, Trisha Lockwood, commenced this action under the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Family Medical Leave Act of 1993.  Docket Item 1.  On February 22, 2024, the defendant, Dunkirk City School District ("Dunkirk"), moved for summary judgment.  Docket Item 41.  In connection with that motion, Dunkirk has moved to file under seal a report written by BOCES investigator Kurt Gustafson regarding Lockwood's allegations "of harassment and a hostile work environment."  Docket Item 42; Docket Item 42-1 at ¶¶ 1-2.  Lockwood does not oppose the motion to seal.  *See* Docket Item 42-1 at ¶ 22.

For the reasons that follow, the Court grants Dunkirk's motion to file the report under seal.

## **BACKGROUND**

The report that Dunkirk moves to seal is based on an investigation undertaken by Gustafson in 2020.  The report contains summaries of several interviews that Gustafson conducted in the course of his investigation, as well as a six-page summary of his

findings.  Docket Item 42-1 at ¶¶ 3-4.  The employees interviewed were "assured that the investigation and their interviews would remain confidential in order to encourage their full and honest disclosure."  *Id.* at ¶ 8.

The report names each of the interviewees, nearly all of whom are not parties to this lawsuit.  *Id.* at ¶ 3.  But even if those interviewed were not identified by name, Dunkirk says, their "identit[ies would be] . . . apparent based on their relationship to [Lockwood] and the District" and the incidents "they describe."  *Id.* at ¶ 7.  Indeed, because the interviewees "recount specific interactions with parents and students," *id.* at ¶ 6, that might well make it easy to identify them.

## **LEGAL PRINCIPLES**

Under Local Rule of Civil Procedure 5.3(a), "parties, complaints, and documents are [presumptively] publicly accessible," and "[a] party seeking to have a case, party, complaint, document, or portion of a document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law."  That local rule is consistent with the longstanding "'presumption of access' to judicial records," which is rooted in the First Amendment as well as the common law.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).  If a court determines that a record is a "judicial document" to which a presumptive common law right of access attaches, it must then determine whether that presumption outweighs "competing considerations against it."  *Lugosch*, 435 F.3d at 119-20.  Likewise, a document to which a "qualified First Amendment right of access" attaches may "be sealed if specific, on the record findings are made demonstrating that closure is

essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* at

120.  "Broad and general findings . . . are not sufficient to justify closure."  *Id.*

## **DISCUSSION**

Because Dunkirk has submitted the report in support of its motion for summary

judgment*, see* Docket Item 42, the report is "unquestionably [a] judicial document[]" to

which both a common law and First Amendment right of access attach.  *See Lugosch*,

435 F.3d at 123-24 (holding that "[d]ocuments—by virtue of having been submitted to

the court as supporting material in connection with a motion for summary judgment—

are unquestionably judicial documents under the common law" and that likewise "there

exists a qualified First Amendment right of access to documents submitted to the court

in connection with a summary judgment motion").  Dunkirk nevertheless contends that

the report should be sealed based on "the confidential nature of the interviews and

investigation" summarized in the report.  Docket Item 42-1 at ¶ 10.  It notes that

"[a]lmost all of the[] interviewees remain employed by [Dunkirk]" and that "[r]evealing the

confidential statements that [these] employees made [about Lockwood] and each other

may create tension and conflicts among the employees" and "embarrass[] . . . [certain]

parents and students" referred to in the report.  *Id.* at ¶¶ 12, 14-15.

Dunkirk also argues that if disclosure is required here, Dunkirk's "ability to

conduct future investigations into violations of its policies"—including investigations

about claims of harassment and discrimination like those at issue here—will be

"hamper[ed]" because interviewees will know that their comments eventually may be

"publicly accessible."  *Id.* at ¶¶ 16-17.  And it argues that "sealing . . . the [report] in its

entirety is not unduly broad."  *Id.* at ¶ 19.  Merely redacting all names and initials,

Dunkirk says, would not sufficiently protect the interests at stake because of the identifying nature of the information disclosed throughout the report, *id.* at ¶ 7; in contrast, "[t]he public right of access to [the report] . . . can be better vindicated by any reference to th[e] report that the Court deems appropriate in its decision on the summary judgment motion[]," *id.* at ¶ 20.

The Court finds that both of these interests—specifically, the privacy interests of individuals who are not a party to this lawsuit and the potential chilling effect that disclosure might well have on future investigations of this kind—justify sealing here.

First, the Second Circuit has held that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (alterations and citation omitted); *see also Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) (same). Those interests are particularly compelling here, where some of the individuals referred to in the report are children. Docket Item 42-1 at ¶¶ 6, 15; *see Mann v. N.Y. St. Ct. of Appeals*, 2021 WL 1224011, at *4 (N.D.N.Y. Mar. 31, 2021) (stating that "generally[,] . . . protecting the identities of minor children . . . warrants permitting an application to be filed under seal," although redacting names was sufficient in that case). Moreover, courts have found that sealing—rather than merely redacting names—is justified in cases where, given the nature of the material at issue, there is "concern[] that a savvy reader could deduce the[ third parties'] identities, given the specificity of the statements and the small circle of knowledgeable persons." *Byrne v. Yale Univ., Inc.*, 2020 WL 1820761, at *3 (D. Conn. Apr. 10, 2020); *see also Amodeo*, 71 F.3d at 1048 (reversing district court's order unsealing part of a report with "extensive" redactions based on appellate court's

concern that "release of the redacted version . . . of th[at part of the r]eport either would provide little meaningful information to the public because the redactions are so extensive or might, if responded to, *cause the confidential sources to be identified*" (emphasis added)).

Second, courts have found that the "interest in preserving confidentiality to promote robust internal investigations . . . is a compelling one."[1] *Byrne*, 2020 WL 1820761, at *3; *see Amodeo*, 71 F.3d at 1050 (holding that "[i]f release is likely to cause persons in the particular or future cases to resist involvement where cooperation is

---

[1] Dunkirk refers to Gustafson's investigation as an "outside investigation," not an "internal investigation," apparently because it was done by BOCES. Docket Item 42-1 at ¶ 2. But the Court deems that to be a distinction without a difference for the purposes of this motion.

Some courts have suggested that while the need to maintain the confidentiality of law enforcement investigations may weigh in favor of sealing, the need to maintain the confidentiality of other sorts of investigations is largely irrelevant. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 627 (S.D.N.Y. 2011) (noting that "the [Second] Circuit has only recognized such confidentiality interests as a countervailing factor in the context of investigations conducted by law enforcement officials—not those of corporations investigating allegations of employee misconduct"). But this Court is not convinced that the interest in confidentiality should be read so narrowly as to not apply to an investigation carried out by a government entity regarding allegations of misconduct at a public school. Since *Lytle*, the Second Circuit has recognized an interest in preserving the confidentiality of non-law-enforcement investigations. *See Olson*, 29 F.4th at 91. And in fact, although *United States v. Amodeo* described the interest in maintaining the confidentiality of investigations as a "law enforcement . . . or judicial performance" interest, *see Amodeo*, 71 F.3d at 1050, that case did not involve a typical law enforcement investigation, *see id.* at 1047-48. Nonetheless, the court clearly was concerned with the possibility that "unsealing [a report] . . . might interfere with [an] ongoing investigation" by a "[c]ourt [o]fficer" who had been appointed by the court under a consent decree. *Id.*

Of course, that is not to say that investigative reports of the kind at issue here *always* must be sealed to protect the "interest in preserving confidentiality to promote robust internal [or outside] investigations." *Byrne*, 2020 WL 182071, at *3. But here—at least at this juncture—the interests in privacy and the risks of disclosure outweigh the public's interest in accessing the report.

desirable, that effect should be weighed against the presumption of access").  Here, requiring disclosure might well—and likely would—inhibit future investigations of harassment and discrimination in the Dunkirk City School District.  And unlike *Olson v. Major League Baseball*, where the court found that any concern that disclosure would "chill the cooperation and candor that is essential to the conduct of thorough and fair internal investigations" was outweighed by the fact that the defendant in that case had "voluntarily disclosed major portions of the content and pertinent conclusions of the internal investigation . . . to the public in [a p]ress [r]elease," 29 F.4th at 91, Dunkirk has made no such disclosure here.

In sum, the interests in favor of sealing outweigh the presumption of access, and sealing "is essential to preserve higher values and is narrowly tailored to serve th[ose] interests."  *Lugosch*, 435 F.3d at 120.  For that reason, Dunkirk's motion is granted.

## **CONCLUSION**

Dunkirk's motion to file the report—Exhibit 8 to the affidavit of Daniel Genovese in support of Dunkirk's motion for summary judgment—under seal, Docket Item 42, is GRANTED.  The Clerk of the Court shall file the report under seal, and access shall be given only to the Court, its staff, and the parties to this action.

SO ORDERED.

Dated:   April 26, 2024
        Buffalo, New York

 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE